## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHRIS WALTERS,**

> **Plaintiff,**

**vs.**                                             **No. 13cv247 JAP/GBW**

**CAROLYN W. COLVIN, Acting Commissioner of the**
**Social Security Administration,**

> **Defendant.**

## MEMORANDUM OPINION AND ORDER DISMISSING CASE
## and ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on pro se Plaintiff Chris Walters' *Motion for Electronic Filing by Plaintiff,* filed March 22, 2013 [Doc. 9]; on his *Application to Proceed in District Court Without Prepaying Fees or Costs* (hereinafter motion to proceed IFP"), filed March 14, 2013 (Doc. 3); and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

> **I.       Applicable standards.**

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

## II.    Walters has failed to establish indigency.

Walters, who currently lives in North Carolina and is a Medicaid recipient, is single with no dependents and has an income of $710/month from Social-Security benefits.  *See* Doc. 3 at 2.  He has failed to fill out the portion of the financial affidavit requiring him to state how much money or other investments he has in financial institutions, and states that he has no assets, even though he apparently often travels around the country.  *See id.* at 2-3; *see also* Doc. 1-1 at 6 (challenging a charitable institution's right to review Walters' "bank statements").  He pays nothing for rent or utilities.  *See id.* at 3.  Although the current national monthly average "thrifty food plan" costs for a single person in Walters' age group is about $167/month[1], Walters claims he spends $300/month on food, which is excessive under the circumstances.  Walters also does not indicate whether he receives food stamps or free food from the shelters and living centers he often occupies.  Walters claims that he spends $100/month for clothing and $150/month for transportation, but those expenditures also are excessive for an individual who does not work.   In short, Walters has not

---

[1]    *See* Official USDA Food Plans, Average for February, 2013, located at http://www.cnpp.usda.gov/USDAFoodCost-Home.htm.

established that he meets the indigency requirement for proceeding IFP.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (holding that, to proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life").

But even if Walters were indigent, the Court would not grant permission to proceed IFP.

### III.     Walters may not file electronically because of his history of frivolous filings.

Walters is no stranger to litigation in this or other federal Courts, having previously filed three frivolous complaints in this District.  *See Walters v. Astrue*, No. 07cv257 JCH/RLP, Doc. 25 (D.N.M. April 11, 2008) (setting out history of case and summary of multiple frivolous filings in that case); *id.* Doc. 30-1 (May 5, 2008 Order from Tenth Circuit granting Walters' motion to voluntarily dismiss his appeal); *Walters v. Astrue*, No. 08cv380 RHS/RLP, Doc. 17 (D.N.M. Aug. 15, 2008) (setting out history of case that was dismissed before service of process and denying reconsideration of dismissal); *Walters v. Lewis*, No. 09cv811 BB/LAM, Doc. 11(D.N.M. Oct. 15, 2009) (recommending denial of motion to proceed IFP and dismissal of action for Walters' failure to allege sufficient facts to invoke the Court's subject-matter jurisdiction); *id.* Doc. 14 (D.N.M. Nov. 13, 2009) (adopting recommendations and dismissing case).

A review of the Pacer database indicates that Walters has  filed over 50 frivolous complaints and appeals, mostly involving the Social Security Administration ("SSA"), Congressmen, and the homeless shelters or charitable/medical facilities in which he stays, in other Districts across the United States.  He has recently started using electronic filing to accomplish his papering of the federal courts.  For example, despite this Court's specific instruction that Walters "shall not submit for filing in his closed cases any further documents that do not meet the standards for a post-judgment motion as set forth in FED. R. CIV. P. 60," *Walters v. Astrue*, No. 07cv257 JCH/RLP,

Doc. 34 at 1-2 (D.N.M. Oct. 19, 2008), Walters impermissibly filed several documents in the closed cases in this District, and attempted to file this Complaint electronically and without having received permission to file electronically.   After he had been instructed that he could not file electronically without first receiving permission from the Court, he impermissibly electronically filed notices and counterclaims against non-existent defendants in this case.   *See* Docs. 6, 7.   He electronically filed a similar complaint in the Northern District of Texas the month before he filed this Complaint, and has electronically filed identical documents in that case.   *See Walters v. Colvin*, No. 13cv0025 J/BB (containing 19 documents filed by Walters, including an interlocutory appeal where no action has yet been taken by the district court).

The federal courts have expended extensive judicial resources explaining to Walters why his complaints are frivolous.   *See, e.g. Walters v. Leahy*, No. 12cv0184, Doc. 17 (D. Mont. Jan. 4, 2013) (setting out Walters' "frivolous," "fanciful," and "delusional" filings and allegations, and recommending denial of permission to proceed IFP and dismissal of his case); *Walters v. Lasserre*, No. 12cv4897, Doc. 4 (S.D. N.Y. Aug. 7, 2012) (dismissing frivolous and "unintelligible" complaint in which Walters sought to have the SSA placed under the custody of a special master and prosecuted for abuse of power and violations of international treaties, citing frivolous cases Walters filed in the District of Columbia and California seeking orders to hold SSA officials in contempt); *Walters v. O'Brien*, No. 11cv5906 RDL, Doc. 2 (W. D. Wash. Nov. 8, 2011) (denying permission to proceed ifp and dismissing as frivolous complaint that sought to place the SSA under the control of the World Court); *Walters v. Astrue*, No. 11cv359 EJL/LMB Doc. 16 (D. Idaho Aug. 22, 2011) (recommending dismissal of frivolous action that sought third review of SSA's suspension of Walters' SS benefits for lack of an identifiable address, requested injunction to prevent SSA from contacting Walters, and requested that court place SSA in custody of special master); *Walters v.*

*Taksoe-Jensen*, No. 10cv384, Doc. 6 (M. Dist. Fla. Oct. 14, 2010) (recommending dismissal of frivolous complaint).

Because electronic filing increases Walters' ability to freely file frivolous documents with little effort and no cost to him, the Court will deny Walters' motion to file electronically.

### IV.    Walters' Complaint must be dismissed as frivolous.

In his most recent Complaint filed in this Court, Walters again seeks to sue the Commissioner because the SSA has allegedly violated his rights to

> benefits which have previously been affirmed as a right in the Honorable USDC in New Mexico has ruled in <u>Walters v. Astrue</u>, # 1:07-cv-000257 . . . and <u>Walters v. Astrue</u>, #C080380 . . . (*Ruling also being sustained by 4 US Circuit Courts of Appeals and US Supreme Court).

Compl. at 2. But this Court has previously noted that "Walters is under the misapprehension that this Court rendered a decision on the merits of his case pursuant to the Order of Dismissal entered on April 17, 2007." *Walters*, No. 07cv257 JCH/RLP, Doc. 25 at 5. This Court has never determined whether Walters has the right to any social-security benefits. Further, because Walters now resides in North Carolina and no facts allege that either Commissioner Colvin or the SSA has done anything to violate his rights to receive benefits in this State, Walters has not shown that venue is proper here. His "decision to file a suit against defendants in the District of New Mexico, when it is patently clear that New Mexico has no relation to any of the claims or parties, can only be characterized as abusive conduct." *Glendora v. Sellers*, No. 02-2083, 57 Fed. App'x 378, 380, 2003 WL 220510, *2 (10th Cir. Jan. 31, 2003).

Walters attaches a "memorandum of law" in which he cites several of the complaints he has filed in other districts and makes several delusional statements. *See, e.g.*, Doc. 1-1 at 5 (alleging that a third party calling himself "King Kunzler" attempted to intervene in Walters' suit brought in

Idaho, threatened to have Walters "kidnapped to Texas; held without trial; murdered and issued threats to Kindred Nursing Home to have [Walters] thrown out"). Walters has wholly failed to state a cognizable cause of action against the Commissioner. The Court will, therefore, deny ifp and dismiss his complaint as frivolous.

## V.      Order to show cause.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted).

> *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations–filing fees and attorney's fees– that deter other litigants from filing frivolous petitions . . . . [T]he Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."

*In re Sindram*, 498 U.S. 177, 179-80 (1991). Further, "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id*. at 353-54. When, as here, a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

The Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Walters has repeatedly filed frivolous complaints in this Court and in other federal courts, appearing pro se and attempting to proceed IFP.  It is "patently clear" that Walters' decision to file a complaint in New Mexico, when this State "has no relation to any of the claims or parties, can only be characterized as abusive conduct."  *Glendora*, 57 Fed. App'x at 380 (affirming imposition of filing restrictions where New York resident filed complaints in New Mexico without demonstrating jurisdiction or proper venue).  The burden Walters has placed on this Court to respond to his applications, review his filings, and screen his frivolous complaints is unnecessarily wasteful of the Court's limited time and resources.

Walters must show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous complaints and other documents in this District.

**IT IS ORDERED** that Walters' motion to file electronically [Doc. 9] is DENIED; his motion to proceed IFP [Doc. 3] is DENIED; and the case will be DISMISSED under §§ 1915(e)(2)(A) and (B).

**IT IS FURTHER ORDERED** that Walters must show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him.  If Walters fails to respond as required, the Court will issue filing restrictions without further notice.

_____
SENIOR  UNITED  STATES  DISTRICT  JUDGE

7